Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| MARÍA DE LOS ÁNGELES AYALA LEBRÓN Recurridos | | *CERTIORARI* Procedente del Tribunal de Primera Instancia, Sala de San Juan |
| V. | KLCE202301285 | Núm.: SJ2022CV00085 |
| BEST HEALTH GROUP, LLC Y OTROS Peticionarios | | Sobre: Incumplimiento de Contrato; Cobro de Dinero |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera

Álvarez Esnard, jueza ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 19 de diciembre de 2023.

Comparece ante nos Best Health Group, LLC ("Best Health" o "Peticionaria") mediante *Petición de Certiorari* presentada el 16 de noviembre de 2023. Nos solicita que revoquemos la *Resolución* emitida el 8 de agosto de 2023, notificada al próximo día, por el Tribunal de Primera de Instancia, Sala Superior de San Juan ("foro primario" o "foro *a quo*"). Mediante el aludido dictamen, el foro primario declaró *No Ha Lugar* la *Moción de Desestimación* presentada por la parte peticionaria.

Por los fundamentos expuestos a continuación, **denegamos** la expedición del auto de *certiorari*.

## I.

El 7 de enero de 2022, la señora María de los Ángeles Ayala Lebrón ("señora Ayala Lebrón" o "Recurrida") instó una *Demanda* sobre incumplimiento de contrato, cobro de dinero y daños y perjuicios contra la corporación Best Health Group, LLC y su

presidente, el doctor Miguel Sosa Padilla.[1] En síntesis, la parte recurrida alegó ser la única hermana y heredera del señor Carlos Ayala Lebrón ("Causante"), quien fungió como vicepresidente, contador y dueño del quince por ciento (15%) de la participación de Best Health. Por lo anterior, reclamó la liquidación de la aludida participación, los dividendos pendientes y la compensación a base del salario del Causante, en virtud del Artículo 2.9 del *Contrato Operacional*.

En respuesta, el 28 de marzo de 2022, Best Health sometió su *Contestación a la Demanda*.[2] En ésta, adujo que el Causante venía obligado a pagar su participación de conformidad al aludido contrato. Argumentó que la corporación emitió el pago correspondiente al salario devengado por éste. A su vez, arguyó que la reclamación incoada no expone hechos que justifiquen la concesión de un remedio a favor de la parte demandante.

Así las cosas, el 11 de julio de 2023, Best Health presentó *Moción de Desestimación*.[3] En ese escrito, solicitó la desestimación de la demanda bajo el fundamento de que la señora Ayala Lebrón no incluyó la participación reclamada en la planilla de caudal relicto del Departamento de Hacienda. Respectivamente, el 31 de julio de 2023, la Recurrida radicó su *Oposición a Moción de Desestimación y Ciertas Mociones de la Demandada Best Health Group LLC, y Solicitud de Orden de Protección y Otros Extremos*.[4] En este escrito, planteó que sus alegaciones resultan claras, y aducen una causa de acción que justifica la concesión de un remedio. Tras evaluar ambas posturas, el 8 de agosto de 2023, notificada al próximo día, el foro primario emitió la *Resolución* recurrida, en la que declaró *No Ha Lugar* la referida moción de desestimación.[5]

---

[1] Apéndice del *Recurso de Certiorari*, págs. 1-4.
[2] *Íd.*, págs. 5-13.
[3] *Íd.*, págs. 22-28.
[4] *Íd.*, págs. 30-45.
[5] *Íd.*, págs. 68-69.

Oportunamente, el 24 de agosto de 2023, la parte peticionaria presentó una *Solicitud de Reconsideración.*[6] Mediante esta, argumentó que, aun tomando como ciertas todas las alegaciones contenidas en la demanda, la heredera demandante debió acreditar que es acreedora de la participación corporativa mediante una planilla de caudal relicto. Por lo anterior, reiteró que la demanda no expone hechos que justifiquen la concesión de remedio.

Consecuentemente, el 13 de septiembre de 2023, la parte recurrida presentó su *Oposición a Moción de Reconsideración.*[7] En ésta, adujo que los planteamientos en cuanto a la planilla de caudal relicto resultan frívolos ante la expedición del relevo de gravamen sobre caudal emitida por el Departamento de Hacienda. Por tanto, señaló que Best Health no derrotó la plausibilidad de las alegaciones contenidas en su demanda. Mediante *Resolución* emitida y notificada el 17 de octubre de 2023, el foro primario declaró *No Ha Lugar* la solicitud de reconsideración.[8]

Inconforme con el dictamen, 16 de noviembre de 2023, Best Health acudió ante nos mediante *Petición de Certiorari,* formulando el siguiente señalamiento de error:

> Erró el Tribunal de Primera Instancia como cuestión de derecho procesal al declarar No Ha Lugar la *Solicitud de Desestimación* de la Parte Peticionaria, o, en su defecto, ordenar que se someta una planilla de caudal relicto enmendada antes de continuar con el pleito, cuando evidentemente la Parte Demandante incumplió con su obligación de divulgar al Departamento de Hacienda los bienes del Causante en la planilla de caudal relicto.

El 27 de noviembre de 2023 emitimos una *Resolución,* en la cual concedimos el término de diez (10) días a la señora Ayala Lebrón para presentar su postura. En cumplimiento con lo ordenado, el 4 de diciembre de 2023, la Recurrida presentó *Moción en Cumplimiento de Orden.*

---

[6] *Íd.*, págs. 70-75.
[7] *Íd.*, págs. 77-80.
[8] *Íd.*, pág. 82.

Contando con la comparecencia de ambas partes, procedemos a exponer la normativa jurídica aplicable al caso ante nuestra consideración.

## II.

### A. *Certiorari*

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una determinación de un tribunal inferior. *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994 (2021). Véase, también, Artículo 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva de este recurso "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Rivera Gómez v. Arcos Dorados Puerto Rico*, 2023 TSPR 65; *IG Builders et al.* v. *BBVAPR,* 185 DPR 307, 338 (2012).

Ahora bien, el ejercicio de esta discreción no es absoluto. A esos fines, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, nos concede la facultad para revisar resoluciones u órdenes interlocutorias. La precitada regla dispone lo siguiente:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo**.** No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. Regla 52.1 de Procedimiento Civil, *supra.*

Por su parte, la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, delimita los criterios para la expedición de un auto de *certiorari*. En estos casos, el cuerpo reglamentario establece que el tribunal tendrá en cuenta las siguientes consideraciones:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Regla 40 del Tribunal de Apelaciones, *supra.*

Estos criterios orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional. *Rivera Gómez v. Arcos Dorados Puerto Rico, supra.* A su vez, la aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. *Rivera Gómez v. Arcos Dorados Puerto Rico, supra*; *800 Ponce de León v. American International*, 205 DPR 163 (2020).

A la luz de tales preceptos, los foros revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto. *Citibank v. ACBI*, 200 DPR 724, 736 (2018); Véase, además, *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 771 (2013). Esta norma permite que el foro primario actúe conforme a su discreción judicial, que es la facultad que tiene "para resolver de una forma u otra, o de escoger entre varios cursos de acción". *Id.* pág.

735; *Graciani Rodríguez v. Garage Isla Verde,* LLC, 202 DPR 117, 132 (2019); *Citibank v. ACBI, supra,* pág. 735.

## B. *Regla 10.2 de Procedimiento Civil*

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, permite a la parte demandada solicitar al tribunal que desestime la demanda antes de contestarla "cuando es evidente de las alegaciones de la demanda que alguna de las defensas afirmativas prosperará". *Conde Cruz v. Resto Rodríguez,* 205 DPR 1043, 1065 (2020) citando a *Sánchez v. Aut. de los Puertos,* 153 DPR 559, 569 (2001). La precitada regla fija los siguientes fundamentos para solicitar la desestimación: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; y (6) dejar de acumular una parte indispensable.

Al evaluar una solicitud desestimatoria, "el tribunal tomará como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas". *Aut. Tierras v. Moreno & Ruiz Dev. Corp.,* 174 DPR 409 (2008). Cabe destacar que, "no procede la desestimación a menos que se deduzca con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo a su reclamación". *El Día, Inc. v. Mun. de Guaynabo,* 187 DPR 811, 821 (2013); *Consejo Titulares v. Gómez Estremera,* 184 DPR 407, 423 (2012).

Ante una moción de desestimación, "resulta evidente interpretar las alegaciones conjunta y liberalmente a favor del promovido". *Torres, Torres v. Torres Serrano,* 179 DPR 481, 502 (2010); *Sánchez v. Aut. de Los Puertos,* 153 DPR 559, 570 (2001). El

tribunal debe examinar "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida". *Colón v. Lotería*, 167 DPR 625, 649 (2006); *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497, 505 (1994).

### III.

Tras examinar el caso presente, determinamos que no se han producido las circunstancias que exijan la intervención de este Tribunal. A pesar de que la Regla 52.1 de Procedimiento Civil, *supra,* nos faculta a revisar las determinaciones denegatorias de mociones de naturaleza dispositiva, como en este caso, en esta etapa de los procedimientos no contemplamos los fundamentos para ejercer nuestras facultades revisoras. En particular, no encontramos los elementos requeridos para dictaminar que el foro primario actuó de forma arbitraria, caprichosa, incurrió en craso abuso de discreción, o en aplicación errónea de la ley. Tampoco identificamos los criterios que nos motiven a expedir el auto de *certiorari* de conformidad a la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

### IV.

Por los fundamentos antes expresados, **denegamos** la expedición del auto de *certiorari* y devolvemos el asunto al Tribunal de Primera Instancia para la continuidad de los procesos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones